**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

DEMETRIUS DWAYNE BROOKINS,

Plaintiff,

v. Case No. 3:18-cv-2077-MCR/MJF

MARK S. INCH, *et al.*, [1]

Defendants.

_________________________________/

**REPORT AND RECOMMENDATION**

The clerk of the court referred this case to the undersigned upon Plaintiff's response to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders.[2]

## I. Background

On September 4, 2018, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff named seven Defendants in his original complaint: (1)

[1] In January 2019, Mark S. Inch succeeded Julie Jones as Secretary of the Florida Department of Corrections and is automatically substituted for Jones. *See* Fed. R. Civ. P. 25(d).

[2] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Julie L. Jones, Secretary of the Florida Department of Corrections ("FDC"); (2) Santa Rosa Correctional Institution; (3) Jimmy Coker, Warden of Santa Rosa C.I.; (4) P. Rodriguez, a correctional officer at Santa Rosa C.I.; (5) C. Barnes, a correctional officer at Santa Rosa C.I.; (6) D. Godfrey, a correctional officer at Santa Rosa C.I.; and (7) "John Doe," a correctional officer at Santa Rosa C.I. (Doc. 1 at 2-3, 14-15). On October 5, 2018, Chief United States Magistrate Judge Elizabeth M. Timothy conducted a review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 6). Judge Timothy notified Plaintiff that, upon review of the complaint, it was evident that Plaintiff's factual allegations failed to state a plausible claim for relief against the named Defendants. Judge Timothy provided Plaintiff thirty days to file a notice of voluntary dismissal or file an amended complaint in compliance with her order. Judge Timothy warned Plaintiff that failure to comply likely would result in a recommendation of dismissal of this action.

After being granted an extension of time to comply with Judge Timothy's order, Plaintiff filed his first amended complaint. (Doc. 9). On May 20, 2019, the undersigned conducted a preliminary screening of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and 1915A. (Doc. 12). The undersigned explained to Plaintiff that his amended complaint suffered from the same deficiencies Judge Timothy outlined in her October 5, 2018 order. Thus, the undersigned provided Plaintiff thirty days to file a notice of voluntary dismissal or

an amended complaint wherein Plaintiff could correct the deficiencies. Plaintiff was warned that failure to comply with the undersigned's order likely would result in dismissal of the action. (*Id.*).

On May 31, 2019, Plaintiff filed a motion for extension of time to file his second amended complaint and requested this court provide him "a free copy of everything that has been filed in this case." (Doc. 13). The undersigned granted in part and denied in part Plaintiff's motion. (Doc. 14). Specifically, the undersigned provided Plaintiff sixty additional days to file his second amended complaint but denied Plaintiff's request for free copies of every document filed in the case. (*Id.*). In order to assist Plaintiff in filing his second amended complaint, the undersigned directed the clerk of the court to forward to Plaintiff a second copy of the order issued by this court on May 20, 2019, which detailed the deficiencies in Plaintiff's first amended complaint and the directions the undersigned provided Plaintiff for his second amended complaint. (Doc. 14).

On August 13, 2019—after Plaintiff's deadline had elapsed for filing his second amended complaint—Plaintiff filed another "Motion for a Free Copy of Docs. 1 through 11 and an Extension of Time." (Doc. 15). The undersigned granted in part and denied in part Plaintiff's motion and explained to Plaintiff that:

> Plaintiff is not entitled to free copies. The Eleventh Circuit "has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis*, to free copies of court documents, including his own pleadings." *See Jackson v. Fla. Dep't of*

> *Fin. Servs.*, 479 F. App'x 289, 292-93 (11th Cir. 2012) (citing *Harless v. United States*, 329 F.2d 397, 398-99 (5th Cir. 1964)). Plaintiff may obtain copies of documents one through eleven by submitting payment in the amount of $84.00 to the Clerk of the Court.

(Doc. 16). The undersigned granted Plaintiff's motion as to an extension of time and set a deadline of October 4, 2019, for Plaintiff to file his second amended complaint.

On October 2, 2019, Plaintiff again filed a "Motion for a Copy of Doc. 1 through 11 and Extension of Time." (Doc. 17).

This court explained to Plaintiff:

> Plaintiff is not entitled to shift the entire cost of litigating this case to the American taxpayers. A plaintiff, even one proceeding *in forma pauperis*, is not entitled "to free copies of court documents, including his own pleadings." *See Jackson v. Fla. Dep't of Fin. Servs.*, 479 F. App'x 289, 292-93 (11th Cir. 2012) (citing *Harless v. United States*, 329 F.2d 397, 398-99 (5th Cir. 1964)). The Eleventh Circuit further stated that it is "especially loath to recognize such a right in a case where the prisoner-plaintiff has failed throughout the litigation to articulate any reason why the requested court document is necessary to the prosecution of his claim." *Id.*
>
> . . .
>
> It is unclear why Plaintiff requires documents one through eleven to prepare his second amended complaint. The document Plaintiff is most likely to need in order to file his second amended complaint is document 12. Document 12 is this court's order to file a second amended complaint which details the deficiencies in Plaintiff's first amended complaint. In order to assist Plaintiff in filing his second amended complaint, document 12 was mailed to Plaintiff for a second time on May 31, 2019. If Plaintiff desires these documents, he may obtain copies of them by submitting payment in the amount of $84.00 to the clerk of the court.

(Doc. 18).

The undersigned granted Plaintiff an additional extension of time and set a deadline of November 4, 2019, for Plaintiff to file his second amended complaint. (*Id.*). Plaintiff failed to file his second amended complaint by the court-imposed deadline. Thus, on November 15, 2019, this court ordered Plaintiff to explain why this case should not be dismissed for Plaintiff's failure to comply with a court order and failure to prosecute. (Doc. 19). The undersigned imposed a deadline of December 6, 2019, to comply. Plaintiff was warned that his failure to respond to this order likely would result in dismissal of this action.

On December 1, 2019, Plaintiff filed an "explanation of why this case should not be dismissed." (Doc. 20). Plaintiff explains in his response that no jailhouse lawyer will prepare his second amended complaint without documents 1 through 11. (*Id. at 1*). Plaintiff contends that, absent free copies of documents 1 through 11, he is unable to comply with this court's order to amend his complaint.

As of the date of this report and recommendation, Plaintiff has not filed a second amended complaint and has not stated good cause for his failure to comply with the undersigned's orders.

## II. Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to comply with two court orders.

"A federal court has at its disposal an array of means to enforce its orders,

including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On May 20, 2019, the undersigned ordered Plaintiff to file a second amended complaint or a notice of

voluntary dismissal. (Doc. 12). After granting several extensions of time, the undersigned extended Plaintiff's deadline to November 4, 2019. (Doc. 18). Thus, Plaintiff has failed to comply with the undersigned's order since approximately November 4, 2019.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

a. the order issued on October 3, 2019; and

b. the order issued on November 15, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 12, 19). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is likely to suffer substantial prejudice from the dismissal.** Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). A dismissal without prejudice likely would preclude Plaintiff from refiling this action. Generally, the statute of limitations for

claims under § 1983 of the type alleged by the Plaintiff is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff alleges that the incidents giving rise to this claim occurred on or about September 2015. (Doc. 1). However, Plaintiff did not file his original complaint until September 4, 2018, approximately three years after the events giving rise to this action. Furthermore, this dismissal is due to Plaintiff's refusal to file an amended complaint after ample opportunity to do so. Although Plaintiff likely would suffer substantial prejudice from this dismissal—this is attributable to Plaintiff's decision not to comply with court orders and submit an amended complaint. Indeed, the court has afforded Plaintiff approximately one year to submit an amended complaint, but he refuses to do so. The undersigned believes that Plaintiff's refusal to comply evidences willful contempt not merely negligence or confusion. *See Powell v. Harris*, 628 F. App'x 679, 680 (11th Cir. 2015) ("Dismissal with prejudice under Rule 41(b) is appropriate where there is 'a clear record of will contempt . . . .'") (quoting *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)).

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of

cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Because Plaintiff is proceeding *in forma pauperis,* it is unlikely that imposition of a monetary sanction would motivate Plaintiff. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with two court orders.

2. The clerk of the court be directed to close the case file.

At Panama City, Florida, this 11th day of May, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.